## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CRIMINAL NO. C-11-CR-426-1** |
| | § | |
| **CHRISTINA GARCIA,** | § | |
| | § | |
| **Defendant.** | § | |

### ORDER DENYING MOTION TO REDUCE SENTENCE

Pending before the Court is a letter (Dkt. No. 45) from Defendant Christina Garcia ("Defendant"), received July 16, 2012, which the Court will construe as a motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(2) and for appointment of counsel.

Defendant was sentenced to 46 months in the Bureau of Prisons on September 27, 2011 based upon her guilty plea to the charge of conspiracy to possess with intent to distribute several kilograms of cocaine in violation of Title 21, Sections 846, 841(a)(1), and 841(b)(1)(A). (Dkt. No. 37 at 1, 2.) She seeks to reduce her sentence pursuant to 18 U.S.C. § 3582(c)(2), based upon the 2011 amendments to the crack cocaine Guidelines.

As the Supreme Court recently has held, the scope of a proceeding under 18 U.S.C. §3582(c)(2) in cases like this one is extremely limited. *Dillon v. United States*, — U.S. —, 130 S. Ct. 2683, 2687 (2010). It is black-letter law that a federal court generally "may not modify a term of imprisonment once it has been imposed." *Id.* However, Congress has allowed an exception to that rule "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. §3582(c)(2); *see also Freeman v. United States*, —U.S. —, 131 S.Ct. 2685, 2690–91 (2011) (reciting standard for sentence modifications). Such defendants are entitled to move for retroactive modification of their sentences. *Dillon*, 130 S.Ct. at 2690–91.

A § 3582(c)(2) reduction may only be made when such a reduction is consistent with the policy statements issued by the Sentencing Commission. *See* 18 U.S.C. § 3582(c)(2); *United States. v. Boe*, 117 F.3d 830, 831 (5th Cir. 1997). The applicable policy statement is found in § 1B1.10 of the Sentencing Guidelines. *Id*. Subsection 1B1.10(c) lists the amendments to the Guidelines that are eligible for retroactive effect. The amendment Defendant seeks to apply must, therefore, be listed in that section. *See, e.g.*, *U.S. v. Gonzalez-Balderas*, 105 F.3d 981, 982 (5th Cir. 1997). When an amendment is retroactive, the decision whether to reduce a sentence is left to the sound discretion of the trial court. *Boe*, 117 F.3d at 831.

The amendment at issue here was effective on August 3, 2010 and became retroactive on November 1, 2011. Notice of final action regarding amendment to Policy Statement § 1B1.10, effective November 1, 2011, 76 FR 41332-01, July 13, 2011.

The Court has reviewed Defendant's sentence under Amendment 750(c) and finds that it does not change her guideline calculation because the amendment did not affect the Drug Quantity Table for cocaine, only for crack cocaine. Defendant plead guilty to conspiracy to possess with intent to distribute cocaine, and her Presentence Investigation Report calculated her base offense level to be 28 based upon 2.499 kilograms of cocaine. (Dkt. No. 27 ¶ 12.) That guideline did not change.

Accordingly, Defendant's letter motion to reduce sentence is **DENIED**, and her request for appointment of an attorney is also **DENIED**.

It is so **ORDERED**.

**SIGNED** this 22nd day of August, 2012.

JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE